IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

K.C. COMPANY, INC.               :
                                 :      C.A. No. K18L-03-049 WLW
                Plaintiff,       :
                                 :
                                 :
        v.                       :
                                 :
                                 :
WRK CONSTRUCTION, INC.           :
and MELANIE BALLARD,             :
                                 :
                Defendants.      :


Submitted: November 28, 2018
Decided: January 24, 2019

**ORDER**

Upon Defendant Melanie Ballard's
Motion to Dismiss.
*Denied.*


James E. Huggett, Esquire of Margolis Edelstein, Wilmington, Delaware; attorney for the Plaintiff.

Kristin C. Collison, Esquire of Hudson Jones Jaywork & Fisher, Dover, Delaware; attorney for the Defendants.


WITHAM, R.J.

## INTRODUCTION

Presently before this Court is defendant's motion to dismiss the plaintiff's *in rem* mechanics' lien action filed on March 29, 2018 by K.C. Company Inc., ("K.C.") against WRK Construction Inc. ("WRK") and Ms. Melanie Ballard ("Ballard"). The Court has accepted K.C.'s well-pleaded allegations as true, and for the reasons set forth below, Ballard's[1] motion is **DENIED** pursuant to Superior Court Civil Rule 12(b)(6).[2]

## FACTUAL AND PROCEDURAL HISTORY

1. The Plaintiff, K.C., is a Delaware Corporation with its principle place of business located in Beltsville, Maryland and operates as a general contracting labor and materials supplier.

2. WRK, a co-defendant, is a Delaware Limited Liability Company ("LLC") with its principle place of business in Delaware. Co-defendant Ballard is the owner of WRK. She has a mailing address in Clayton, Delaware.

3. On or about September 28, 2017, K.C. entered into a contractual agreement with WRK to supply labor and materials for a structure located at 512 Smyrna-Leipsic Road ("Property") in Smyrna, Delaware. The contract contained Ballard's mailing and electronic mail addresses as contact information and her signature was provided

---

[1] WRK Construction Inc. does not appear to join Ballard in her motion to dismiss.

[2] The Defendant does not set forth a statutory basis for the motion. However, the Court recognizes Superior Court Civil Rule 12(b)(6) as the appropriate legal vehicle for the purposes of this proceeding.

2

under the "customer signature" line. The materials were to be furnished on the credit of the structure located on the property. K.C.'s review of "certain documents" indicated that Ballard was the reputed owner of the property at the time of the September 2017 contract signing.[3]

4. On November 29, 2017, K.C. delivered the materials and to some extent, labor, that it contractually was obligated to provide to WRK and Ballard. This was the last time any materials and/or labor was provided to the Defendants.[4]

5. WRK recorded its deed to the property on June 19, 2018, approximately eight and a half months after WRK and K.C. entered into contract and, as stated below, almost three months after K.C. filed its complaint.

6. K.C. filed its claim for mechanic's lien complaint on March 29, 2018. WRK and Ballard then filed what appears to be an untimely response to the complaint on September 27, 2018.[5]

7. Ballard filed the instant motion to dismiss, asking the Court to dismiss her

---

[3] Pl. Reply at ¶ 8.

[4] There is an issue of fact regarding November 29, 2017. K.C. contends that this was the last time that it was to provide materials and labor to the Defendants. WRK and Ballard, while agreeing with that statement as pled, contend that they have not paid the outstanding balance because K.C. did not complete the labor that it was contractually obligated to provide per the contract. The contract clearly states that labor was included in the contracted price and amounted to $6,153.50 of that contracted price.

[5] The record is silent for the reason(s) that WRK and Ballard took nearly six months to respond to K.C.'s complaint. The record does reflect that K.C. filed a Motion for Default Judgment pursuant to Superior Court Civil Rule 55(b)(2) on September 18, 2018. The response was then filed subsequent, resulting in the motion for default judgment being withdrawn on October 10, 2018.

individually from the pending action on November 8, 2018. K.C. filed its response, in opposition, on November 27, 2018.

## LEGAL STANDARD OF REVIEW

8. In evaluating a Motion to Dismiss under Superior Court Civil Rule 12(b)(6), the Court must assume all well pleaded facts in the complaint to be true.[6] The governing pleading standard in Delaware to survive a motion to dismiss is reasonable conceivability.[7] A complaint may not be dismissed unless it is clearly without merit, which may be determined as a matter of law or fact.[8]

## DISCUSSION

9. The law in Delaware is well settled in that the mechanic's lien statute requires strict compliance from those seeking a lien.[9] Pursuant to 25 *Del. C. § 2712*, a mechanic's lien action requires a plaintiff to list the owner, or *reputed owner*, as an opposing party.[10] The Court has previously defined reputed owner as *the apparent or*

---

[6] *Capossere v. Levine*, 2008 WL 484442, *2 (Del. Super. Feb. 20, 2008) (citing *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998).

[7] *Central Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings*, LLC, 27 A.3d 531, 537 (Del. 2011).

[8] *Capossere*, 2008 WL 484442, *2 (citing *Diamond State Telephone Co. v. U. of Delaware*, 269 A.2d 52, 59 (Del. 1970). .

[9] *Id.* (citing *Builder's Choice v. Venzon*, 672 A.2d 1, 2 (Del.1996).

[10] 25 *Del. C. § 2712*(b)(2).

*believed owner at the time of the contract.*[11]

10. Ballard argues that there is no legal basis for her being named individually as a co-defendant because she was not a party to the contract signed between K.C. and WRK. The Court agrees with Ballard that she is not a party to the contract, however, in mechanic's lien cases that does not warrant dismissal.

11. In this case, it is unclear if Ballard was the actual or reputed owner of the property based on K.C.'s review of "certain documents in September 2017. K.C. cites these "certain documents" to demonstrate Ballard's reputed ownership of the property, but has failed to provide those "certain documents" for the Court to consider. As a result, the Court can not find Ballard was the reputed owner or the actual owner based on alleged evidence contained in "certain documents."

12. However, in this case, the lack of those "certain documents" is not fatal to K.C.'s argument. Here, WRK did not register its deed to the property until June 19, 2018. Based on that information, the Court could not possibly agree with Ballard's inference that WRK was the owner of the property in September 2017.[12] However, applying the Court's precedent in *Delaware Bldg. Supply, Inc. v. Barclay Farms Community, LLC*, the Court finds that Ballard, by providing her name, mailing address, and electronic mailing address on the contract, established sufficient

---

[11] 2009 WL 693258 at *3 (Del. Super. Mar. 16, 2009) (denying motion to dismiss where plaintiff reasonably inferred the reputed owner from the names that were repeatedly listed on invoices) (emphasis added).

[12] D. Reply at ¶ 4.

5

grounds for K.C. to believe that Ballard was the reputed owner of the property. As a result, it would be inappropriate for the Court to dismiss a mechanic's lien cause of action against Ballard, the reputed owner of the property, at the time the contact was signed in September 2017.

## CONCLUSION

13. Accordingly, for the reasons mentioned above, Ballard's motion to dismiss is hereby **DENIED**.

IT IS SO ORDERED.

*/s/ William L. Witham, Jr.*
Resident Judge